IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF PUERTO RICO

MARITZA OTERO VAZQUEZ,

    Plaintiff,

    v.

AMERICAN HOME PRODUCTS CORP., et al.,

    Defendants.

CIVIL NO. 01-2126 (RLA)

**ORDER IN THE MATTER OF LIABILITY OF
INDIVIDUAL DEFENDANTS GERARDO CURET AND MIGUEL LOPEZ**

Individual defendants GERARDO CURET and MIGUEL LOPEZ have moved the court to dismiss the pending state law claims asserted against them in these proceedings. The court having reviewed the arguments presented by the parties, including plaintiff's opposition thereto, hereby finds as follows.

In her complaint plaintiff claims that she was subjected to a hostile work environment generated by her supervisor LUIS FERRER's sexual harassment while employed at WYETH-PR.[1] According to plaintiff, despite having made this situation known to management nothing was done to correct it.[2]

---

[1] The sexual harassment claims asserted against the individual defendants based on Title VII were dismissed. Only the employer remains as a defendant to the hostile environment claim brought under Title VII. See, Order in the Matter of Motions for Summary Judgment filed by Wyeth-PR and the Individual Defendants (docket No. 145).

[2] Additionally, plaintiff alleged that she was subjected to a series of adverse employment actions in retaliation for having voiced her complaint of the harassment she was being subjected to by FERRER. The retaliation claims, however, were dismissed. See, Order in the

GERARDO CURET was the Director of Marketing and Sales for WYETH-PR and as such was FERRER's supervisor. In 1999 MIGUEL LOPEZ was appointed WYETH's Sales Manager for Puerto Rico.[3]

## Personal Liability for Hostile Environment Claim

There are no allegations of sexual harassment conduct by either CURET or LOPEZ. Rather, in her opposition plaintiff charges these two defendants with having failed to take the necessary steps to remedy her predicament because of their close friendship with her immediate supervisor, FERRER. No evidence has been proffered to establish that movants' acts and/or omissions were driven by plaintiff's sex, an indispensable element to a sexual harassment claim. Instead, according to plaintiff codefendants' failure to take any remedial action was motivated exclusively by their close friendship with the alleged harassor.

---

Matter of Motions for Summary Judgment filed by Wyeth-PR and the Individual Defendants (docket No. 145). See also, Order Granting Motion in Limine to Exclude Evidence Pertaining to Claim for Retaliation (docket No. 221).

[3] The following summarizes the chain of command at the relevant period of time:

```
              GERARDO CURET
        Director of Marketing and Sales
                    |
              MIGUEL LOPEZ
              Sales Manager
                    |
               LUIS FERRER
              Area Supervisor
                    |
                Plaintiff
           Medical Representative
```

**CIVIL NO. 01-2126 (RLA)**                                               **Page 3**

The Puerto Rico Supreme Court has ruled that in addition to the employer, the particular individual responsible for the harassing conduct at issue shall also be liable to a plaintiff. <u>Rosario-Toledo v. Dist. Kikuet</u>, 151 D.P.R. 634, 645 (2000).

According to the allegations in the case before us the sole individual who harassed plaintiff because of her sex was codefendant FERRER. Therefore, we find that neither CURET nor LOPEZ can be liable for her sexual harassment/hostile environment under our supplemental jurisdiction. Should plaintiff prevail, only codefendant FERRER would be individually liable to plaintiff[4] in addition to WYETH-PR as her employer.

### Intentional Infliction of Emotional Distress

As additional grounds in opposition to the dismissal of her supplemental claims against codefendants CURET and LOPEZ plaintiff argues that there is an outstanding tort claim against them under art. 1802 of the Puerto Rico Civil Code, 31 P.R. Laws Ann. § 5141 (1990), for negligent and/or intentional infliction of emotional distress.

"The tort of intentional infliction of emotional harm exists when 'one who by extreme and outrageous conduct intentionally or recklessly causes severe emotional distress to another.'" <u>Santiago-Ramirez v. Sec'y of Dep't of Def.</u>, 62 F.3d 445, 448 (1st Cir. 1995)

---

[4] Evidence of the supervisors' alleged failure to respond to plaintiff's complaints would still be relevant at trial to establish WYETH-PR's liability under both Title VII and local law.

**CIVIL NO. 01-2126 (RLA)**                                              **Page 4**

(citing Restatement (Second) of Torts § 46 (1965)). Hence, in order to adequately plead her claim plaintiff must show that defendants' conduct was extreme and outrageous, intentional or reckless and that she suffered severe emotional distress as a result thereof.

Codefendants have failed to address this argument. Accordingly, the art. 1802 supplemental claims for intentional infliction of emotional distress asserted against them remain outstanding.

### Conclusion

Based on the foregoing, the Motion for Partial Summary Judgment as a Matter of Law filed by CURET and LOPEZ (docket No. **190**)[5] is **GRANTED** with respect to the hostile environment claims. Judgment shall be entered accordingly.

The request to dismiss the remaining allegations against them premised on individual liability under Puerto Rico law is **DENIED**.

IT IS SO ORDERED.

San Juan, Puerto Rico, this 14th day of March, 2006.

                                              S/Raymond L. Acosta
                                               RAYMOND L. ACOSTA
                                          United States District Judge

---

[5] See also, Opposition (docket No. **208**) and Reply (docket No. **212**).